IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 18-CA-009194 DIVISION D

Florida Bar No.: 386110

BRITTNEY R. OVERSTREET and DEBRA HOSEY, individually,

Plaintiffs,

v.

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY, FLORIDA,
THE CITY OF TAMPA, a municipality,
MANUEL SANTANA, in his individual
capacity, as a City of Tampa Police Officer,
and MANUEL SANTANA, in his official
capacity, as a City of Tampa Police Officer.

Defendants.
_____/

## COMPLAINT

Plaintiffs, BRITTNEY R. OVERSTREET and DEBRA HOSEY, individually, by and through undersigned counsel, sue Defendants, THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA, THE CITY OF TAMPA, a municipality, MANUEL SANTANA, in his individual capacity, as a City of Tampa Police Officer, and MANUEL SANTANA, in his official capacity as a City of Tampa Police Officer, and allege:

1. This is an action for damages in excess of $15,000 exclusive of costs and interest.

2. At all times material hereto, Plaintiff, BRITTNEY R. OVERSTREET, was a natural person and resident of Hillsborough County, Florida.

3. At all times material hereto, Plaintiff, DEBRA HOSEY, was a natural person and resident of Hillsborough County, Florida.

4. At all times material hereto, Brittney R. Overstreet was enrolled as a student and attending Chamberlain High School and residing in Hillsborough County, Florida.

5. Debra Hosey is the mother of Brittney R. Overstreet.

6. At all times material hereto, Defendant THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA ("School Board") was a governmental entity and political subdivision of the State of Florida.

7. At all times material hereto, the School Board owned and operated Chamberlain High School, a public school located at 9401 North Blvd., Tampa, Florida 33612, for the purpose of providing educational services.

8. The City of Tampa is a municipality in Florida and otherwise sui juris.

9. Defendant Manuel Santana is was at all times material employed by Defendant City of Tampa as a police school resource officer. On information and belief, he is a resident of Hillsborough County, Florida and is otherwise sui juris.

10. Venue is proper pursuant to Sec. 47.011, Florida Statues.

11. Plaintiffs presented these claims to the Defendant School Board and the Florida Department of Financial Services within 3 years of September 19, 2014 by written correspondence in accordance with Section 768.28(6), Fla. Stat. More than 6 months have elapsed since the notices were provided. A copy of the notice letter to the Department of Financial Services and to the School Board is attached hereto as Exhibit "A." Copies of the Green Cards showing receipt of the above-mentioned correspondence are attached as Exhibit "B." All other conditions precedent to this action have been performed, excused or waived.

## GENERAL ALLEGATIONS

12. On or about September 19, 2014, Brittney Overstreet, a 5'6, 107 pound minor female, was attending Chamberlain High School. During the school day on September 19, 2014, one or several students allegedly told the school administration that Brittney Overstreet had pepper spray in her book-bag. A school administrator, Ms. Ayala, snatched Brittney Overstreet's book bag from her, in the lunch room, without saying anything or warning her that Ms. Ayala was going to snatch her book-bag. The force of snatching the book-bag caused injuries to Brittney Overstreet. Assistant Principal, Vernon Henderson from Chamberlain High School, a large man, accosted Brittney Overstreet from behind, grabbed her hands and put them behind her back. Ms. Ayala requested that City of Tampa Police Resource Officer Santana get involved and he attempted to hand-cuff Brittney Overstreet and proceeded to grab her by the ankles and forcefully slam her to the floor or onto a chair or table. As a result, Brittney Overstreet was severely injured, including two fractures to her jaw. School administrators, including Ms. Ayala and Mr. Henderson sat by and watched this event unfold. Mr. Henderson was still in contact with Brittney Overstreet when she was touched by Officer Santana. After the incident, the school administrators and Officer Santana found no pepper spray or the like in her book-bag. Brittney Overstreet had never brought pepper spray or mace to school. Her book-bag contained only books and personal items. Brittney was arrested for two misdemeanors; obstructing or opposing an officer without violence and disrupting a school campus or function.

## NEGLIGENCE AGAINST THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA-COUNT I

13. The School Board of Hillsborough County, Florida has an affirmative duty to reasonably supervise and protect its students.

14. The School Board of Hillsborough County, Florida is negligent for the following reasons:

a. Failing to reasonably train its administrators and staff,

b. Failing to have a reasonable suspicion or belief that Brittney R. Overstreet had pepper spray, at school, in her back pack,

c. Failing to insure that City of Tampa Police Officer Santana was properly trained and supervised as a school resource officer,

d. Failing to check City of Tampa Police Officer Santana's personnel file and his Internal Affairs File, and

e. Failing to provide adequate or additional training to Tampa Police Resource officer Santana per the Contract/Agreement between The City of Tampa (Police Department) and The Hillsborough School Board wherein Resource Officers were supplied.

15. As a result, Plaintiff, BRITTNEY R. OVERSTREET suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a previously existing condition and monetary loss associated with costs of defense of juvenile criminal proceedings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT II – DEBRA HOSEY
## CLAIM OF FOR MEDICAL BILLS INCURRED AND TO BE INCURRED

16. Plaintiff, DEBRA HOSEY, realleges the allegations in paragraphs 1-15 as if fully set forth herein.

17. Plaintiff, DEBRA HOSEY paid for or is responsible for medical bills related to the incident alleged herein.

18. There is or may be a lien for medical care provided to DEBRA HOSEY arising out of this incident, for which DEBRA HOSEY is responsible.

19. Plaintiff, BRITTNEY R. OVERSTREET will likely incur medical bills related to the incident alleged herein in the future.

20. Plaintiff DEBRA HOSEY may pay for or be responsible for past and future medical bills related to this incident.

21. The medical bills incurred and to be incurred are as a direct result of the negligence alleged in the Complaint.

WHEREFORE, Plaintiff, DEBRA HOSEY seeks reimbursement of payment for past and future medical bills.

### COUNT III
### INDIVIDUAL CAPACITY CLAIM UNDER 42 U.S.C §1983
### VIOLATION OF 42 U.S.C. §1983 -4th AMENDMENT-
### EXCESSIVE FORCE BY DEFENDANT CITY OF TAMPA
### POLICE OFFICER MANUEL SANTANA

22. Plaintiffs re-allege paragraphs 1-21 as if fully set forth herein.

23. At all times material hereto, Defendant Manuel Santana was acting under color of state or local law.

24. SANTANA is a "person" as the term has been interpreted under 42 U.S.C. §1983.

25. At all times material hereto, Defendant Manuel Santana had a legal duty to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of minor female student, Brittney Overstreet.

26. Defendant Manuel Santana did deliberately and intentionally use force against Plaintiff, Brittney Overstreet that resulted in both temporary and permanent physical and emotional/mental injuries.

27. No force at all was authorized or necessary to be used against the minor Plaintiff.

28. Plaintiff, Brittney Overstreet posed no threat to the safety of Defendant School Board, its students, its administrators or City of Tampa Police Resource Officer Santana and did

not threaten Defendant School Board, its students, its administrators or City of Tampa Police Resource Officer Santana.

29. Defendant's acts were unreasonable and constitute excessive force against Plaintiff, Brittney Overstreet and under these circumstances, were clearly unconstitutional.

30. By his actions, Defendant deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under 42 U.S.C. §1983 and re: Fourth and Fourteenth Amendments to the U.S. Constitution.

31. As a direct and proximate result of the Defendant's actions, Plaintiff has and will continue to suffer injuries and damages, including, but not limited to, temporary and permanent physical injuries, wage loss, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life and loss of normal body function.

## COUNT IV - BATTERY AGAINST TAMPA POLICE RESOURCE OFFICER MANUEL SANTANA, INDIVIDUALLY

32. Plaintiff realleges the allegations in paragraphs 1-31, as if fully set forth herein.

33. Santana intentionally touched and/or struck Brittney Overstreet against her will. Santana got in Brittney Overstreet's face and said, "calm down!". Brittney Overstreet never hit Santana. Santana picked up Brittney Overstreet by the ankles, lifted them and slammed her to the ground or onto a chair or table.

34. Santana's actions were done either in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

35. Brittney Overstreet possessed no weapons, no mace/pepper spray and had no history of similar violence.

36. As a result of Santana's unlawful actions, Brittney Overstreet suffered bodily injury, humiliation, loss of capacity for the enjoyment of life, mental pain and anguish, and will incur expenses in the past and future for medical and emotional/psychological care.

## COUNT V – VIOLATION OF 42 U.S.C. §1983 4th and 14th AMENDMENTS TO THE U.S. CONSTITUTION EXCESSIVE FORCE – CITY OF TAMPA – OFFICIAL CUSTOM, POLICY AND PRACTICE

37. Plaintiff realleges paragraphs 1-36 as if fully set forth herein.

38. At all times material hereto, The City of Tampa and City of Tampa Police Resource Officer Santana were acting under color of State or local law.

39. At all times material hereto, the City of Tampa had a legal duty to ensure that the customs, policies, and practices in place required Defendant SANTANA to use only the amount and degree of force as was reasonable under the circumstances, for proper and efficient arrest, supervision and control of a person, here a minor female student who was 5'6" and 107 pounds.

40. Defendant did not have customs, policies, and practices in place to prevent the use of excessive force against a minor, student Plaintiff.

41. The failure of Defendant to have adequate customs, policies and practices in place for minor students led to and caused the use of excessive force against Plaintiff, Brittney Overstreet.

42. In the alternative, the customs, practices and policies that were put in place by Defendant City of Tampa, led to and caused the use of excessive force against Brittney Overstreet.

43. By Santana's actions, Defendant City of Tampa deprived Plaintiff, Brittney Overstreet of the established right to be free from force which was excessive under the circumstances in violation of Plaintiff's rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

44.  The City of Tampa was indifferent to the 14th Amendment's Due Process Right (liberty interest) of children to bodily integrity, in adopting or failing to adopt its supervision and training practices.

45.  The City of Tampa's failure to train or supervise SANTANA reflects a deliberate or conscious choice. The need for additional training and supervision in light of this incident alone, is so obvious and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the City of Tampa can reasonably be said to have been deliberately indifferent to that need.

46. As a direct and proximate result of Defendant's actions, Plaintiff had and will continue to suffer injuries and damages, including, but not limited to, temporary and permanent physical injuries, monetary loss associated with the costs of defense of juvenile criminal proceedings, wage loss, loss of future earning capacity, past and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function.

WHEREFORE, Plaintiffs, BRITTNEY R. OVERSTREET and DEBRA HOSEY demand judgment against Defendant, CITY OF TAMPA together with all costs of the action, post-judgment interest and such other additional relief as this Court may deem appropriate.

**Relief for Federal Claims**

Plaintiffs seek the following relief for each claim brought pursuant to 42 U.S.C. §§ 1983 and 1988:

A.  Judgment for compensatory damages against Defendants;

B.  Judgment for punitive damages against Defendants;

C.  Judgement for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses and prejudgment interest on attorney's fees for delay in payment;

E. Judgment for damages for physical injuries, wage loss, monetary loss associated with costs of defense of criminal proceeding, loss of future earning capacity, post and future medical expenses, mental anguish, embarrassment, humiliation, inconvenience, loss of capacity to enjoy life, and loss of normal body function;

F. A trial by jury on all issues so triable; and

G. Such other and further relief as this Court may deem just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable as a matter of right.

DATED: September 19, 2018.

LAW OFFICES OF GREGG R. SCHWARTZ, P.A.
7700 North Kendall Drive, Suite 503
Miami, Fl 33156
Tele: 305-595-4744 / 305-595-4739
gschwartz@aol.com
mblanco@greggrschwartz.com

BY: _____
GREGG R. SCHWARTZ

## LAW OFFICES
## GREGG R. SCHWARTZ, P.A.
7700 North Kendall Drive, Suite 503
Miami, Florida 33156

GREGG R. SCHWARTZ

Telephone  (305) 595-4744
Telecopier  (305) 595-4739
E-Mail  GSchwartz@aol.com

September 6, 2017

VIA CERTIFIED MAIL RRR
U.S. FIRST CLASS MAIL and
VIA FACSIMILE 813-272-4022

Cindy Stuart, Chairperson
Hillsborough County School Board
901 E. Kennedy Blvd.
Tampa, Florida 33602

RE:  BRITTNEY R. OVERSTREET (INJURED STUDENT)
DATE OF INCIDENT:  SEPTEMBER 19, 2014

BRITTNEY R. OVERSTREET
D/O/B:  4/2/1997
SS NO:  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
PLACE OF BIRTH:  TAMPA, FLORIDA

DEBRA HOSEY
D/O/B:  OCTOBER 28, 1972
SS NO:  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
PLACE OF BIRTH:  TAMPA, FL

Dear Chairperson Stuart:

    I represent Brittney R. Overstreet and her mother Debra Hosey with respect to a September 19, 2014 incident which occurred at Chamberlain High School, located at 9401 North Blvd., Tampa, Florida 33612. Please consider this correspondence as the Sec.768.28, Fla. Stat. Notice Letter.

    On September 19, 2014 while Brittney R. Overstreet was having lunch in the school cafeteria, Assistant Principal Ms. Ayala approached Brittney, grabbed her book bag and told her "come with me". Brittney reached for and placed her hand on the handle of her book bag, and told Ms. Ayala, "I can carry my own bag". Ms. Ayala forcefully pulled the bag away, but did not

EXHIBIT A

completely break Brittney Overstreet's grip. Ms. Ayala continued to pull on the bag with increasing force and Brittney Overstreet continued to maintain a grip on a portion of her bag. Ms. Ayala finally pulled the book bag with sufficient force to pull Brittney Overstreet off balance and hurt her harm and wrist.

Assistant Principal Vernon Henderson arrived soon thereafter and grabbed Brittney Overstreet from behind. Brittney Overstreet was very confused, upset and emotional. Ms. Overstreet is not certain, but she thinks that she let go of her book bag at this point. Mr. Henderson grabbed her hands and put them behind her back, as Ms. Ayala radioed for the school resource officer.

Thereafter, the resource officer appeared at the scene and said, "Calm down!" Ms. Overstreet started crying and panicking and stated, "I just want my bag." The Hillsborough Sheriff's Resource Officer grabbed Ms. Overstreet's ankles, lifted them in the air and slammed her to the ground. In the alternative, said Resource Officer lost his grip and the Resource Officer accidentally dropped Brittney Overstreet. In addition, the Resource Officer was negligently hired, trained, and/or retained.

Unbeknownst to Brittney Overstreet, earlier that day, some students told the administration that Brittney Overstreet had mace in her school book bag. After the book bag was searched, no mace or any other illegal item was found. During the entire incident, Brittney Overstreet was never told why her book bag was being taken away from her.

As a result of being slammed on the ground by the resource officer, Brittney Overstreet suffered a chipped tooth, a chin laceration and mandibular fractures. Brittney Overstreet's jaw was wired shut for 6 weeks and 2 days.

Debra Hosey seeks monies paid or payable for any medical/dental bills.

None of the claimants owe The School Board of Hillsborough County, Florida or any other local or state governmental entity in excess of $200.00 via judgment or otherwise.

Pursuant to Sec. 119, Fla. Stat., please provide a complete copy of any insurance policies which might cover these acts by the school administration and/or the Resource Officer.

Page 3
September 6, 2017
Cindy Stuart, Chairperson

    Also, pursuant to Sec. 119, Fla. Stat., please provide all public records which show whether the resource officer was an employee or agent, of The Hillsborough School Board or an independent contractor.

    Pursuant to Sec. 119, Fla. Stat., please provide the agreement or contract between The Hillsborough Sheriff's Office and the Hillsborough School Board for Resource Officers, in effect on September 19, 2014.

    Thank you for your consideration.

                          Sincerely,

                          GREGG P. SCHWARTZ

GRS/mb

Cc:    Jimmy Patronis, Chief Financial Officer
      Department of Financial Services
      200 E. Gaines Street
      Tallahassee, Florida 32399-0300
      (Via Certified Mail RRR, U.S. First Class Mail
      And Via Facsimile: 850-413-2950)

      Debra Hosey
      Brittney R. Overstreet
      Michele K. Rayner, Esq.



EXHIBIT B



